GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR 23-00760-002-PHX-DLR |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Michael Steven Fuller, | |
| Defendant. | |

Defendant Michael Steven Fuller ("Defendant" or "Fuller") pleaded guilty to Count 1, Trafficking in Firearms. The United States recommends that Defendant receive a sentence of 63 months' imprisonment. The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR") ECF 58. The United States agrees with the Draft PSR calculations resulting in a Total Offense Level of 19 and Criminal History Category VI. PSR at ¶¶ 29, 50, and 72. This results in a Guidelines range of 63–78 months' imprisonment. The 63-month recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTS AND PROCEDURAL HISTORY**

The government charged Defendant Fuller by way of a Complaint on May 2, 2023. (ECF 1.) A grand jury indicted Defendant Fuller on May 16, 2023.  (ECF 11.)  The parties entered into a plea agreement on March 27, 2024, where Fuller pleaded guilty to Count 1 of the Information, Trafficking in Firearms, in violation of 18 United States Code §§ 933(a)(2) and 933(b).  (ECF 49.)  Defendant Fuller agreed with the following facts in his plea agreement at the change of plea proceeding:

On or between January 16, 2023, and May 1, 2023, Defendant MICHAEL FULLER accepted a firearm, to wit: a Glock 17, 9mm pistol, serial number SPD1741 from co-defendant Jessica Lynn Cooper in Phoenix, Arizona.  This Glock firearm had previously been shipped or transported in interstate or foreign commerce.  Defendant MICHAEL FULLER knew he was both a fugitive from justice (due to outstanding warrants in Nevada and Arizona, including a warrant issued on August 22, 2022, by the Las Vegas Metropolitan Police Department on the original charge of Battery Resulting in Substantial Bodily Harm, and a no bond warrant issued on February 6, 2023, by the Department of Public Safety Parole and Probation on the original charge of Battery and Assault for absconding from supervision) and a felon (due to a prior conviction of a crime punishable by imprisonment for a term exceeding one year, including a drug related conviction, CR20060285; stalking and kidnapping, CR20061561; and another drug related conviction, CR202000381).  Specifically, Defendant MICHAEL FULLER received from co-defendant Jessica Lynn Cooper the Glock 17, 9mm pistol, serial number SPD1741 expressly to give it to him, while knowing it was illegally obtained.

Fuller also acknowledged four prior felony convictions and the fact that he had two outstanding warrants for his arrest at the time of this crime.

In addition to the facts in the plea agreement, it is important to consider these facts as well:  Fuller's co-defendant, and one-time girlfriend,  Jessica Cooper purchased several

dozen firearms on behalf of Fuller.  Cooper suffered emotional and physical violence by Fuller.  (Draft PSR ¶¶ 9-10.)  At least 10 of the firearms co-defendant Cooper purchased have been recovered within 17 -167 days from the date of purchase, with recoveries in Arizona, Nevada, California, and Mexico.

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Fuller receive a low-end Guideline sentence of 63 months in the Bureau of Prisons ("BOP") followed by a term of three-years' supervised release.  As calculated in the PSR, Defendant Fuller has a Total Offense Level of 19, Criminal History Category VI, and a Guidelines range of 63–78 months' imprisonment.  The United States will dismiss the Indictment at the time of sentencing.

### A.    A Sentence of 63 month in BOP is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States submits that 63 months' imprisonment for Defendant Fuller is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

#### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of Defendant Fuller offense call for a Guideline

prison sentence.  Fuller engaged in criminal activity, which resulted in over 60 firearms being purchased by his co-defendant.  At least 10 of the firearms purchased were recovered in Arizona, Nevada, California, and Mexico.  The nature and circumstances of Defendant's actions justify a sentence of 63 months in the BOP.

### 2.    Defendant's History and Characteristics

Defendant Fullers criminal history spans nearly a quarter of a century, which included felonies, misdemeanors, probation, incarceration, and outstanding warrants. Benefiting from firearms being purchased for others is very serious.  A Guidelines sentence is appropriate.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Fuller conduct of encouraging the purchase of over 60 firearms, and those firearms going to other people, poses danger to the community. Therefore, a prison sentence is appropriate.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  A prison sentence is appropriate to deter Defendant from committing future crimes.  The need for deterrence also extends beyond preventing recidivism by Defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  Fuller sentence must be sufficient to deter him and other persons who may consider similar criminal conduct.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).  Defendant Fuller has a lengthy criminal history and encouraged the purchased of dozens of firearms, some

of which ended up in the hands of those not properly vetted.  A Guidelines sentence is appropriate.

### 6.  Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  Fuller's history of mental health and substance abuse issues (Draft PSR ¶¶ 66-67) can be  addressed while he is in prison.  Successful treatment could also help to protect the public from any future crimes.

### B.  A Three-Year Term of Supervised Release is Appropriate under § 3583(c)

The United States recommends that Defendant Fuller be placed on supervised release for three years.  This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It is also necessary to protect the public from further crimes by Fuller and to deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

### III.  CONCLUSION

The United States recommends that Defendant Fuller receive a low-end Guideline sentence of 63 months' imprisonment.  The United States further recommends that Defendant receive a term of three-years' supervised release.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 13th day of June, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona


*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on June 13, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Thomas Higgins
Counsel for Defendant Fuller

*s/ J. Schesnol*
U.S. Attorney's Office