GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Michael Steven Fuller,<br>Defendant. | No. CR 23-00760-002-PHX-DLR<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT** |

Defendant Michael Steven Fuller ("Defendant" or "Fuller") is scheduled to be sentenced on June 24, 2024. He objects to the presentence report based on the calculations of the United States Sentencing Guidelines ("U.S.S.G."). (ECF 63.) The government asserts defendant's objections are misplaced and should be rejected by the Court.

Defendant first objects to the specific offense characteristic applied pursuant to U.S.S.G. §2K2.1(b)(1)(C). As set forth in the Final Presentence Report ("P.S.R."), Defendant Fuller was interviewed by investigators and admitted to assisting co-defendant Cooper in buying and selling guns. Fuller claimed he believed it was legal because Cooper could legally own guns. Additionally, Fuller admitted to assisting Cooper in advertising firearms on Armslist and going with Cooper to sell firearms. Furthermore, Fuller admitted that he provided the funds to Cooper so that she could purchase the firearms. (P.S.R. at ¶ 12.)

The enhancement pursuant to §2K2.1(b)(1)(C) is appropriately applied because Defendant's participation in the acquisition of 67 firearms is "relevant conduct." Relevant conduct, as set forth in U.S.S.G. § 1B1.3, considers not only the defendant's own actions and omissions under §1B1.3(a)(1)(A), but also, in the case of a jointly undertaken criminal activity, the qualifying actions and omissions of others under § 1B1.3(a)(1)(B). § 1B1.3(a)(3) explains that harm is the appropriate measure of relevant conduct in some circumstances, while § 1B1.3(a)(4) clarifies that relevant conduct is also measured as specifically directed the applicable guideline.

Defendant erroneously asserts that he would need to be found guilty beyond a reasonable doubt for the special offense characteristic to be applied. (ECF 63, p.5 at ¶¶ 21-27.) This assertion is incorrect. The evidentiary standard to be applied when resolving disputed factors is preponderance of the evidence. *See* § 6A1.3. Additionally, relevant conduct is applied even to conduct uncharged as a conspiracy. *See* § 1B1.3(a)(1)(B).

In addition to Defendant's own admissions, as set forth above, regarding his participation and role in the offense, common sense supports the facts that form the basis for the application of the specific offense characteristic. Co-defendant Cooper has little to no criminal history to speak of (with the exception of a misdemeanor DUI from nearly 20 years ago). Defendant Fuller has a criminal history spanning over two decades, including a firearm offense, drug offenses, and several assault/domestic violence offenses. Defendant's statement in his sentencing memo that he did not falsely complete any ATF Form 4473 forms is not persuasive. As a convicted felon, there is no way Fuller could have lawfully completed the ATF form 4473. That is the reason he enlisted Cooper to do what he could not.

Next, Defendant Fuller asserts that he should receive a two-level reduction as a minor participant. (ECF 63, p. 6 at ¶¶4-9.) Again, Defendant is incorrect. Although Fuller directed Cooper at times as to what firearms to purchase, and provided the funds for firearms, Cooper played an integral role in the offense conduct, as it could not have

occurred without her; therefore, both defendants are considered to be average participants (P.S.R. at ¶ 13)

The P.S.R. correctly calculated Defendant Fuller's sentencing guidelines with a final Total Offense Level of 19 and Criminal History Category VI. The P.S.R. recommends a sentence of 63-months' incarceration. The government concurs with this recommendation.

Respectfully submitted this 21st day of June, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 21, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Thomas Higgins
Counsel for Defendant Fuller

*s/ J. Schesnol*
U.S. Attorney's Office