GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 23-00760-001-PHX-DLR |
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Jessica Lynn Cooper, | |
| Defendant. | |

Defendant Jessica Lynn Cooper ("Defendant" or "Cooper") pleaded guilty to Count 101 of the Indictment, Trafficking in Firearms. The United States recommends that Defendant receive a sentence of 18 months' imprisonment. The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR") ECF 59. The United States agrees with the Draft PSR calculations resulting in a Total Offense Level of 20 and Criminal History Category I. PSR at ¶¶ 31, 35, and 60. This results in a Guidelines range of 33–41 months' imprisonment. The 18-month recommendation is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTS AND PROCEDURAL HISTORY

The government charged Defendant Cooper by way of a Complaint on May 2, 2023. (ECF 1.)  A grand jury indicted Defendant Cooperon May 16, 2023.  (ECF 11.)  The parties entered into a plea agreement on March 12, 2024, where Cooper pleaded guilty to Count 101 of the Indictment, Trafficking in Firearms, in violation of 18 United States Code §§ 933(a)(1) and (b).  (ECF 45.)  Defendant Cooper agreed with the following facts in her plea agreement at the change of plea proceeding:

On or between January 16, 2023, and May 1, 2023, Defendant JESSICA LYNN COOPER transferred a firearm, to wit: a Glock 17, 9mm pistol, serial number SPD1741, to co-defendant Michael Fuller in Phoenix, Arizona. Defendant JESSICA LYNN COOPER knew that co-defendant Michael Fuller was a fugitive from justice (due to outstanding warrants in Nevada and Arizona, including a warrant issued on August 22, 2022, by the Las Vegas Metropolitan Police Department on the original charge of Battery Resulting in Substantial Bodily Harm, and a no bond warrant issued on February 6, 2023, by the Department of Public Safety Parole and Probation on the original charge of Battery and Assault for absconding from supervision) or a felon (due to a prior conviction of a crime punishable by imprisonment for a term exceeding one year, including a drug related conviction, CR20060285; stalking and kidnapping, CR20061561; and another drug related conviction, CR202000381). Specifically, Defendant JESSICA LYNN COOPER bought the Glock 17, 9mm pistol, serial number SPD1741, expressly for giving it to co-defendant Michael Fuller and at his direction.

Further, on or between November 16, 2021, and April 24, 2023, in the District of Arizona, Defendant JESSICA LYNN COOPER knowingly made false statements and representations to the businesses that were licensed under the

- 2 -

provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each business. Defendant JESSICA LYNN COOPER executed 52 separate Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473s, allowing her to obtain 67 firearms. In each of those 52 Form 4473s, Defendant JESSICA LYNN COOPER stated that she resided at an address on W. Belmont Ave. in Phoenix, Arizona. In each of those 52 Form 4473s, Defendant JESSICA LYNN COOPER knew that she resided at a different address.

Additionally, on or between August 12, 2022, and April 24, 2023, in the District of Arizona, Defendant JESSICA LYNN COOPER knowingly made material false statements in connection with the acquisition of firearms. Specifically, Defendant JESSICA LYNN COOPER executed 47 separate Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473s. In each of those 47 Form 4473s, Defendant JESSICA LYNN COOPER stated that she was the actual transferee/buyer, when in fact, she knew that she was purchasing the firearms for someone else.

Finally, Defendant JESSICA LYNN COOPER admitted to law enforcement that she sold many of the 67 firearms to make a profit of $100-150 per firearm.

## II.   UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Cooper receive a low-end Guideline sentence of 18 months in the Bureau of Prisons ("BOP") followed by a term of three-years' supervised release.  As calculated in the PSR, Defendant Cooper has a Total Offense Level of 20, Criminal History Category I, and a Guidelines range of 33–41 months' imprisonment.  The United States will dismiss the Indictment at the time of sentencing.

**A.      A Sentence of 18 month in BOP is Appropriate under § 3553(a)**

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).   As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States submits that 18 months' imprisonment for Defendant Cooper is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

**1.      Nature and Circumstances of the Offense**

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  The nature and circumstances of Defendant Cooper offense call for a prison sentence.  Cooper engaged in criminal activity, which resulted in her purchase of over 60 firearms.  At least 10 of the firearms purchased were recovered in Arizona, Nevada, California, and Mexico.  Defendant's conduct spanned well over a year of completed 52 ATF Forms 4473, on which she used an outdated address.  For nearly a year, Defendant obtained firearms for someone else by making materially false statements on four dozen ATF Forms 4473.  Defendant Cooper engaged in this conduct for the profit of $100-150 per firearm. Benefiting from firearms being purchased for others is very serious.   The reason it is so important that the ATF Form be completed accurately is so the ATF can track firearms.  Ultimately, Cooper transferred a firearm to her co-defendant, who was a convicted felon and fugitive.  The nature and circumstances of Defendant's actions justify a sentence to the BOP.

### 2.    Defendant's History and Characteristics

Defendant Cooper's criminal history is virtually nonexistent.    Cooper's personal data, physical condition, mental and emotional health, and substance abuse are outlined in the Draft PSR.  (ECF 59 at ¶¶ 40 -52.)   The government has taken this history into consideration in the sentencing recommendation.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Cooper's conduct of purchasing over 60 firearms for a profit, and those firearms going to other people (at least 10 of which were recovered), poses a serious danger to the community. Therefore, a prison sentence is appropriate.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  A prison sentence is appropriate to deter Defendant from committing future crimes.  The need for deterrence also extends beyond preventing recidivism by Defendant Cooper specifically.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant.  *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). Cooper sentence must be sufficient to deter her <u>and</u> other persons who may consider engaging in similar criminal conduct.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).   Defendant Cooper purchased dozens of firearms, some of which ended up in the hands of those not properly vetted.  A prison sentence is appropriate.

**6.      Providing Needed Correctional Treatment**

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  Cooper's history of mental health and substance abuse issues (Draft PSR at ¶¶ 48-52) can be  addressed while she is in prison.  Successful treatment could also help to protect the public from any future crimes.

**B.      A Three-Year Term of Supervised Release is Appropriate under § 3583(c)**

The United States recommends that Defendant Cooper be placed on supervised release for three years.  This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.).  It is also necessary to protect the public from further crimes by Cooper and to deter her from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

**III.    CONCLUSION**

Defendant Cooper's conduct is very serious.  Her history and characteristics do evoke sympathy and are worthy of consideration.  When balancing every factor, the United States recommends that Defendant Cooper receive a below Guideline sentence of 18 months' imprisonment.  This recommendation considers all elements, and for all the reasons set forth herein, a sentence of 18 months in prison is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

//

//

//

//

//

//

//

The United States further recommends that Defendant Cooper receive a term of three-years' supervised release.  Supervised release will assure Cooper transitions from prison back into society and receives the support necessary to ensure her success in the future.

Respectfully submitted this 8th day of July, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona


*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney


**CERTIFICATE OF SERVICE**

I hereby certify that, on July 8, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ian Bucon
Counsel for Defendant Cooper

*s/ J. Schesnol*
U.S. Attorney's Office