FILED ☐    LODGED ☒

**Mar 27 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

FILED ☒    LODGED ☐

**Jul 10 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Assistant U.S. Attorney
Arizona State Bar No. 016742
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone: 602-514-7500
Email: Jacqueline.schesnol@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>    vs.<br><br>Michael Fuller,<br><br>             Defendant. | No. CR 23-00760-002-PHX-DLR<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, MICHAEL FULLER, hereby agree to resolve this matter on the following terms and conditions:

1.    **PLEA**

The defendant will plead guilty to Count 1 of the information charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 933(a)(2) and 933(b), Trafficking in Firearms, a Class C felony offense.  The defendant will also admit and consent to the forfeiture allegations in the Information.

2.    **MAXIMUM PENALTIES**

a.    A violation of 18 U.S.C. §§ 933(a)(2) and 933(b) is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of fifteen years, or both, and a term of supervised release of up to three years.  A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

b.     According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.     The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.     **AGREEMENTS REGARDING SENTENCING**

a.     Stipulation: Sentencing Cap.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulate the applicable offense conduct guideline for a violation of 18 U.S.C. § 933 is U.S.S.G. § 2K2.1. The United States and the defendant stipulate that the defendant's sentence shall not exceed the low end of the applicable sentencing range as calculated under U.S.S.G. § 1B1.1(a).  This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b).  Nothing in this agreement shall preclude the defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

b.     Non-Binding Recommendations.     The defendant understands that recommendations are not binding on the Court.  The defendant further understands that the

defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

c.    Assets and Financial Responsibility.    The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.    The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.    The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.    Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

**4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss the indictment, with respect to this defendant only, at the time of sentencing.

b.    This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States

shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6.    **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7.    **DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.      Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.      The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)      criminal convictions, history of drug abuse, and mental illness; and

(2)      financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

## 8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

a.      Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

b.      The defendant agrees to forfeit, and hereby forfeits and abandons, all interest in the following property, seized on or about May 1, 2023, and any other property that was involved in the offense:

(1) A Glock 17, 9mm pistol, serial number SPD1741;

(2) A Ruger Wrangler, .22 revolver, serial number 207-16004.

c.      The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal.

The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C. § 2461(c).

d.      Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

e.      The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

f.      The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant further agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed property. The defendant agrees to waive his/her right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in

that forfeiture proceeding.

g.      The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offense(s).

h.      The defendant hereby waives, and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above.  Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he/she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**9.      ELEMENTS**

**Trafficking in Firearms**

**18 U.S.C. § 933**

On or between January 16, 2023, and May 1, 2023, in the District of Arizona:

1.      The defendant knowingly received from another person any firearm in or otherwise affecting interstate or foreign commerce;

2.      The defendant knew or had reasonable cause to believe the use, carrying, or possession of the firearm by the recipient could constitute a felony, to wit:

- Title 18, United States Code § 922(g)(1), Felon in Possession of a Firearm;
- Title 18, United States Code § 922(g)(2), Fugitive from Justice in Possession of a Firearm; and
- Arizona Revised Statute § 13-3102(a)(4), Misconduct Involving Weapons (Felon in Possession of a Firearm).

3.    The firearm had previously been shipped or transported in interstate or foreign commerce.

### Felon in Possession of a Firearm

### 18 U.S.C. § 922(g)(1)

1.    The defendant knowingly possessed a firearm;

2.    The firearm had previously been shipped or transported in interstate or foreign commerce;

3.    At the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

4.    At the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

### Fugitive from Justice in Possession of a Firearm

### 18 U.S.C. § 922(g)(2)

1.    The defendant knowingly possessed a firearm;

2.    The firearm had previously been shipped or transported in interstate or foreign commerce;

3.    At the time the defendant possessed the firearm, the defendant was a fugitive from justice; and

4.    At the time the defendant possessed the firearm, the defendant knew he was a fugitive from justice.

### Misconduct Involving Weapons (Felon in Possession of a Firearm)

### A.R.S. § 13-3102(A)(4)

1.    The recipient knowingly possessed a deadly weapon; and,

2.    The recipient was a prohibited possessor at the time of the possession of the weapon.

"Deadly Weapon" means anything designed for lethal use, including a firearm. A.R.S. § 13-105(15).

A "prohibited person" means any person who has been convicted within or without this state of a felony or who has been adjudicated delinquent for a felony and whose civil right to possess or carry a firearm has not been restored. A.R.S. § 13-3101(A)(7)(b).

**10.    FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On or between January 16, 2023, and May 1, 2023, Defendant MICHAEL FULLER accepted a firearm, to wit: a Glock 17, 9mm pistol, serial number SPD1741 from co-defendant Jessica Lynn Cooper in Phoenix, Arizona. This Glock firearm had previously been shipped or transported in interstate or foreign commerce. Defendant MICHAEL FULLER knew he was both a fugitive from justice (due to outstanding warrants in Nevada and Arizona, including a warrant issued on August 22, 2022, by the Las Vegas Metropolitan Police Department on the original charge of Battery Resulting in Substantial Bodily Harm, and a no bond warrant issued on February 6, 2023, by the Department of Public Safety Parole and Probation on the original charge of Battery and Assault for absconding from supervision) and a felon (due to a prior conviction of a crime punishable by imprisonment for a term exceeding one year, including a drug related conviction, CR20060285; stalking and kidnapping, CR20061561; and another drug related conviction, CR202000381). Specifically, Defendant MICHAEL FULLER ~~directed~~ *received from* co-defendant Jessica Lynn Cooper ~~to purchase~~ the Glock 17, 9mm pistol, serial number SPD1741 expressly to give it to him. *while knowing it was illegally obtained*

I, MICHAEL FULLER, have been convicted of at least four felony offenses to include:

- 9 -

•On or about July 31, 2006, in Prescott Valley, Arizona, in CR20060285, after being convicted of Possession of Dangerous Drugs and Possession of Drug Paraphernalia, I was sentenced to four (4) years' probation, which was revoked on or about March 30, 2009, resulting in a sentence of two (2) years' incarceration;

•On or about November 22, 2006, in Prescott Valley, Arizona, in CR20061561, after being convicted of Stalking and Kidnapping, I was sentenced to two (2) years' and one and a half (1.5) years' incarceration, respectively;

•On or about September 10, 2010, in Prescott Valley, Arizona, in CR201000381, after being convicted of Possession of Dangerous Drugs, I was sentenced to four (4) years' probation, which was revoked on or about May 16, 2014, resulting in a sentence of one and a half (1.5) years' incarceration; and

•On or about February 22, 2022, in Las Vegas Arizona, after being convicted of Assault Domestic Violence, with Use of Deadly Weapon, I was sentenced to prison.

I, MICHAEL FULLER, have not had my right to possess firearms restored.

Additionally, I, MICHAEL FULLER, know that at the time of this offense, I had two outstanding warrants to include:

•A warrant was issued for me on August 22, 2022, by the Las Vegas Metropolitan Police Department on the original charge of Battery Resulting in Substantial Bodily Harm.

•A no bond warrant was issued for me on February 6, 2023, by the Department of Public Safety Parole and Probation on the original charge of Battery and Assault for absconding from supervision.

b.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

- 10 -

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

(including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

29 Feb 24
Date

MICHAEL FULLER
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

29 Feb 24
Date

THOMAS HIGGINS
Attorney for Defendant

- 12 -

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

Digitally signed by JACQUELINE
SCHESNOL
Date: 2024.01.31 16:57:53 -05'00'

_____
Date

JACQUELINE SCHESNOL
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

July 10, 2024
Date

HONORABLE DOUGLAS L. RAYES
United States District Judge

- 13 -